IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KATHRYN L. NOLAN,** *et al.***,**

    **Plaintiffs,**

    v.

**Civil Action 2:19-cv-3963**
**Judge Sarah D. Morrison**
**Chief Magistrate Judge Elizabeth P. Deavers**

**VILLAGE OF CHESTERHILL,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiffs initiated this lawsuit by filing a Complaint on September 9, 2019.  (ECF No. 1.) Service of process was completed on December 2, 2019, on the following Defendants: Gordon Armstrong, Terry Fleming, Chasity Mayle, Ron L. Mayle, Jr., Dustin Parsons, Helen Seyfriend, Jerica Simmons, Kathy Smedley, Village of Chesterhill, and Mayor Richard Wetzel.  (ECF No. 4.) On December 16, 2019, the Court issued an Order for Plaintiffs to show cause as to why the action should not be dismissed against Defendants Dorritt Ereuss, Ken Peters, and Village Council Members[1] for failure to complete service as required by Federal Rule of Civil Procedure 4(m).  (ECF No. 5.)  Upon request by Plaintiffs, the Court extended the deadline to complete service on Defendants Ereuss and Peters to January 30, 2020.  (ECF No. 10.)  As of February 4, 2020, service had not been completed on Defendants Ereuss and Peters, and the Court issued another Order for Plaintiffs to show cause as to why the action should not be dismissed against them.  (ECF No. 15.)

---

[1] Defendant Village Council Members was voluntarily dismissed as a party by Plaintiffs on January 13, 2020.  (ECF No. 12.)

Upon request by Plaintiffs, the Court once again extended the deadline to complete service on these Defendants to March 19, 2020, and then to March 26, 2020.  (ECF Nos. 17, 20.)

Service of process was completed on March 26, 2020, on Defendant Peters.  (ECF No. 24.) On April 21, 2020, the summons directed to Defendant Ereuss was returned unexecuted.  (ECF No. 25.)  To date, service of process has not been completed as required by Federal Rule of Civil Procedure 4(m) on Defendant Ereuss.  Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  It is therefore **RECOMMENDED** that the Court dismiss this action as to Defendant Ereuss without prejudice pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: April 22, 2020                    /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**